UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>                            *Plaintiff*,<br><br>-against-<br><br>INDEPENDENCE ENERGY GROUP LLC, and INDEPENDENCE ENERGY ALLIANCE LLC,<br><br>                            *Defendants.* | Civil No. _____<br><br>CV-12-1369<br>CLASS-ACTION<br>COMPLAINT<br><br>FILED<br>IN CLERK'S OFFICE<br>US DISTRICT COURT E.D.N.Y.<br>★ MAR 19 2012 ★<br>BROOKLYN OFFICE<br><br>KUNTZ, J.<br><br>GO, M.J. |

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential telephone lines Defendants placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendants, their officers, employees, representatives, and their families (the "Class"), during the period beginning four years prior to the commencement of this action until the present (the "Class Period").

2.    Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B), and the regulation, 47 C.F.R. § 64.1200(a)(2), promulgated thereunder (hereinafter referred to collectively as "TCPA" unless otherwise indicated). Plaintiff seeks, individually and on behalf of the other Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. § 1331.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff, Todd C. Bank, was and is at all relevant times a citizen of the State of New York.

6. Defendant, Independence Energy Group LLC, was, and is at all relevant times herein, a limited-liability company existing under the laws of Delaware, and maintains its principal offices at 3711 Market Street, 10th Floor, Philadelphia, Pennsylvania 19104.

7. Defendant, Independence Energy Alliance LLC, was, and is at all relevant times herein, a limited-liability company existing under the laws of Delaware, and maintains its principal offices at 3711 Market Street, 10th Floor, Philadelphia, Pennsylvania 19104.

## FACTS

8. On or about January 17, 2012, Defendants placed, to Plaintiff's residential telephone line, a telephone call using an artificial or prerecorded voice that delivered a message.

9. The message to which the preceding paragraph refers advertised Defendants' electricity-related services.

10. During the Class Period, Defendants have placed, to at least 10,000 residential telephone lines, a telephone call using an artificial or prerecorded voice that delivered a message that was identical, or substantially similar, to the message that Defendants placed to Plaintiff's residential telephone line.

11. Neither Plaintiff nor the other Class Members had given Defendants prior express invitation or permission to place pre-recorded telephone calls to them.

## FIRST CAUSE OF ACTION

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "11" inclusive of this Complaint as if fully set forth herein.

13. The placement of telephone calls to Plaintiff and Members of the Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

14. Based upon the foregoing, Plaintiff and Members of the Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

15. Based upon the foregoing, Plaintiff and Members of the Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

## CLASS ALLEGATIONS

16. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons to whose residential telephone lines Defendants placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendants, their officers, employees, representatives, and their families (the "Class"), during the period beginning four years prior to the commencement of this action until the present (the "Class Period").

17. The Members of the Class are so numerous that joinder of all Members is impracticable.

18. Plaintiff believes there are thousands of individuals whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class Members. Members of the Class have sustained damages arising out of Defendants' wrongful conduct in the same manner that Plaintiff has sustained damages arising out of Defendants' unlawful conduct.

19. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has

retained competent litigation counsel. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Class. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

20. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

21. Common questions of law and fact predominate over questions that affect only individual Class Members. Among the questions of law and fact common to the Class are:

> (i) whether Defendants placed telephone calls using an artificial or prerecorded voice that delivered a message to residential telephone lines;
>
> (ii) whether the messages contained in the telephone calls placed by Defendants were "advertisements" under the TCPA;
>
> (iii) whether Defendants willfully or knowingly violated the TCPA;
>
> (iv) whether the Members of the Class are entitled to damages, and, if so, how much; and
>
> (v) whether the Members of the Class are entitled to injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a)  Awarding Plaintiff and the other Members of the Class statutory damages of $500.00 pursuant to 47 U.S.C. §§ 227(b)(3)(B), with interest as allowed by law:

(b)  Awarding Plaintiff and the other Members of the Class up to $1,000.00 of statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C), in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully, with interest as allowed by law;

(c)  Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2); and

(d)  Awarding to Plaintiff the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated:  March 19, 2012

Yours, etc.,

TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

Plaintiff *Pro Se*

_____
TODD C. BANK