UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
TODD C. BANK, Individually and on Behalf of All :
Others Similarly Situated, :
: MEMORANDUM AND ORDER
Plaintiff, :
: 12-cv-1369 (WFK) (MDG)
-against- :
:
INDEPENDENCE ENERGY GROUP LLC, and :
INDEPENDENCE ENERGY ALLIANCE LLC, :
:
Defendants. :
:
------------------------------------------------------------------X

**WILLIAM F. KUNTZ II, United States District Judge**

Todd C. Bank ("Plaintiff") brings this class action on his own behalf and on behalf of all persons to whose residential telephone lines Independence Energy Group LLC and/or Independence Energy Alliance LLC ("Defendants") placed one or more telephone calls using an artificial or prerecorded voice to advertise Defendants' commercial goods or services (the "Class") within the four years preceding initiation of this lawsuit (the "Class Period," from March 19, 2008 to March 19, 2012). Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B), and its accompanying rules and regulations, 47 C.F.R. § 64.1200(a)(2) (collectively referred to herein as "TCPA" unless otherwise indicated). Defendants move to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, this Court *sua sponte* dismisses Plaintiff's action for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff alleges a succinct set of facts, which this Court accepts as true for the purpose of this motion. Defendants placed one telephone call using an artificial or prerecorded voice to Plaintiff's residential telephone line on or about January 17, 2012. Compl. at ¶ 8. This telephone call delivered a message advertising Defendants' electricity-related services. *Id.* at ¶ 9. During the Class Period, Defendants placed one or more telephone calls to at least 10,000 residential telephone lines, which calls contained an identical or substantially similar message to the message delivered to Plaintiff. *Id.* at ¶¶ 1, 10. Neither Plaintiff nor the other class members had given Defendants prior express invitation or permission to place re-recorded telephone calls to them. *Id.* at ¶ 11.

Plaintiff asserts jurisdiction is proper under federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* at ¶ 3. Plaintiff additionally brings this action as a Class Action pursuant to Federal Rule of Civil Procedure 23. *Id.* at ¶ 16. Plaintiff seeks statutory and double damages as well as an order enjoining Defendants from further violating the TCPA. *Id.* at p. 5 (citing 47 U.S.C. §§ 227(b)(3)(A)–(C)).

## II. DISCUSSION

Federal courts being courts of limited jurisdiction, "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see also Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-0365, 2008 WL 413784, at *2 (E.D.N.Y. Feb. 13, 2008) (Garaufis, J.).

The Second Circuit has unequivocally held "that state courts have exclusive jurisdiction over private actions under the TCPA and . . . that, pursuant to 28 U.S.C. § 1331, federal courts lack federal question jurisdiction over such claims." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006) (citing *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 156 F.3d 432, 435 (2d Cir. 1998)) (internal quotation marks omitted). The Second Circuit has also unequivocally held that § 901(b) of New York Civil Practice Law and Rules ("Section 901(b)") bars TCPA class actions in federal court. *See Holster III v. Gatco, Inc.*, 618 F.3d 214, 217–18 (2d Cir. 2010) ("Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses. The ability to define when a class cause of action lies and when it does not is part of that control."), *aff'g on remand from*, 130 S.Ct. 1575 (2010), *cert. denied*, 131 S.Ct. 2151 (2011).

The specific language of the TCPA creates a private right of action only "if otherwise permitted by the laws or rules of a court of a State." *Holster III*, 618 F.3d at 216 (citing 47 U.S.C. § 227(b)(3). New York state law "prohibits class actions predicated on statutory damages." *Bonime v. Avaya, Inc.*, No. 06 CV 1630, 2006 WL 3751219, at *5 (E.D.N.Y. Dec. 20, 2006) (Amon, J.) (citing N.Y. C.P.L.R. § 901(b)). Therefore, Plaintiff's class action seeking statutory damages pursuant to the TCPA may not proceed. *See Holster III*, 618 F.3d at 217–18 *aff'g Holster III v. Gatco, Inc.*, 485 F. Supp. 2d 179 (E.D.N.Y. 2007) (Bianco, J.) and *Bonime*, 2006 WL 3751219; *see also Giovanniello v. New York Law Publishing Co.*, No. 07 Civ. 1990, 2007 WL 2244321 (S.D.N.Y. Aug. 6, 2007) (Baer, Jr., J.) (concluding, based on the express

language of the TCPA, that plaintiff may not maintain a class action for alleged TCPA violations in either New York state court or New York federal court).[1]

### III.     CONCLUSION

For the reasons discussed above, this Court may not exercise subject matter jurisdiction over this TCPA class action. Accordingly, Plaintiff's claims are dismissed.

**SO ORDERED**

Dated: Brooklyn, New York
        March 12, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

---

[1] Note that both E.D.N.Y. cases upheld by *Holster III*, 618 F.3d 214 were brought by Todd C. Bank, Plaintiff to the instant action.

4