UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                     :

TODD C. BANK, Individually and on Behalf of All   :
Others Similarly Situated,   :

                             :   <u>MEMORANDUM AND ORDER</u>
           Plaintiff,   :

                             :   12-cv-1369 (WFK) (MDG)
          -against-   :

INDEPENDENCE ENERGY GROUP LLC, and   :
INDEPENDENCE ENERGY ALLIANCE LLC,   :

           Defendants.   :

-----------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

      Todd C. Bank ("Plaintiff") initiated this action as a class action on his own behalf and on

behalf of all persons to whose residential telephone lines Independence Energy Group LLC

and/or Independence Energy Alliance LLC ("Defendants") placed one or more telephone calls

using an artificial or prerecorded voice to advertise Defendants' commercial goods or services

(the "Class") within the four years preceding initiation of this lawsuit (the "Class Period," from

March 19, 2008 to March 19, 2012). Plaintiff's claims arose under the Telephone Consumer

Protection Act, 47 U.S.C. § 227(b)(1)(B), and its accompanying rules and regulations, 47 C.F.R.

§ 64.1200(a)(2) (collectively referred to herein as "TCPA" unless otherwise indicated). On

March 12, 2013, this Court dismissed Plaintiff's claims for lack of subject matter jurisdiction.

Plaintiff now moves for reconsideration pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal

Rules of Civil Procedure. Familiarity with the facts underlying the case and the Court's order

dismissing the case is assumed. For the reasons discussed below, Plaintiff's motion is denied.

## I.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 60, a party may move for reconsideration of an order on the basis of "mistake, inadvertence, surprise, or excusable neglect," or "for any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1), (6).[1] "A motion under Rule 60(b) 'cannot serve as an attempt to relitigate the merits' of a prior decision." *Moreno-Ortiz v. Ashcroft*, No. 04–CV–1956, 2007 WL 1026378, at *1 (E.D.N.Y. Mar. 30, 2007) (Garaufis, J.) (quoting *Fleming v, New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)).  Rather, motions for reconsideration of a final judgment are "generally not favored." *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (internal citation omitted).  Indeed, the standard of review on a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs motions for reconsideration and directs the moving party to submit "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local R. 6.3; *see also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.").

---

[1] The parties appear to agree that this motion should be treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or Local Rule 6.3, because it was filed within ten days of the challenged order.  *See Mamot v. Bd. of Regents*, No. 08–cv–1451, 2008 WL 3851692, at *1 (E.D.N.Y. Aug. 14, 2008) (Irizarry, J.) (citing *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993)).  However, "[r]egardless of the specific [rule] under which the [Plaintiff] brings [his] Motion . . .[,] motions for reconsideration are assessed under a very strict standard." *United States v. Gross*, No. 98 CR 0159, 2002 WL 32096592, at *3 (E.D.N.Y. Dec. 5, 2002) (Johnson, J.) (citing, *inter alia, Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Indeed, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Boniel v. U.S. Bank N.A.*, No. 1:12–CV–3809, 2013 WL 1687709, at *1 (E.D.N.Y. Apr. 18, 2013) (Korman, J.) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

## II.    DISCUSSION

As this Court previously noted in its Order dismissing Plaintiff's action for lack of subject matter jurisdiction, "[t]he Second Circuit has . . . unequivocally held that § 901(b) of New York Civil Practice Law and Rules ("Section 901(b)") bars TCPA class actions in federal court." *Bank v. Indep.Energy Grp. LLC*, 12-cv-1369 (E.D.N.Y. Mar. 12, 2013) (Kuntz, J.) (Dkt No. 16) (citing *Holster III v. Gatco, Inc.*, 618 F.3d 214, 217–18 (2d Cir. 2010) *cert. denied*, 131 S.Ct. 2151 (2011)).  Contrary to Plaintiff's argument, discussed *infra*, this assertion remains good law and Plaintiff's class action is barred from proceeding in this Court.

Plaintiff argues the Supreme Court's holding in *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012) abrogates the Second Circuit case law holding that TCPA cases are subject to certain state law restrictions, including Section 901(b). Pl.'s Br. at 6–17; Pl.'s Rep. at 2–7.  In support of this argument, Plaintiff refers to the *Mims* case itself and to a litany of mostly-out-of-Circuit district court opinions, which have adopted his proposed interpretation of *Mims*.  The Court will address each in turn.

### A. *Mims* Does Not Abrogate the Second Circuit Holding that TCPA Cases Are Subject to State-law Restrictions, Including Section 901(b)

In *Mims*, the Supreme Court held:  "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." *Mims*, 132 S.Ct. at 745. As explained in the opinion, this holding rests primarily on the Supreme Court's interpretation of "the longstanding and explicit grant of federal question jurisdiction," codified at 28 U.S.C. § 1331. *Id.* at 749. As the Court reasoned, "a federally created claim for relief," such as that created by the TCPA, "is generally a sufficient condition for federal-question jurisdiction." *Id.* at 748 (internal quotation marks omitted).  In other words, the Supreme Court reasoned, because the TCPA is a federal

3

law, which creates a private right of action, such private actions "arise under" federal law.  In the Court's view, "Congress' design" in enacting the TCPA will be best served by permitting federal courts to entertain jurisdiction over claims arising under the TCPA, even absent diversity of citizenship. *Id.* at 751.

Plaintiff argues, in light of this holding, that *Mims* requires this Court to apply the Federal Rules of Civil Procedure, and disregard Section 901(b), to determine whether a class action is permissible. *See generally* Pl.'s Br.  Plaintiff's argument relies primarily on the following two statements, excerpted from *Mims*: (1) "the TCPA is a federal law that . . . supplies the substantive rules that will govern the case;" and (2) the TCPA "furnishes the substantive rules of decision." *Id.* at 745, 749; *see also* Pl.'s Br. at 6–8.  Defendants correctly point out that these statements are dicta, and that the Supreme Court's decision was limited to the jurisdictional question before it. *See* Def.'s Br. at 6.  In any event, this Court construes these general statements to refer to the substantive rules specifically asserted within 47 U.S.C. § 227.  For example, the statute prohibits "using an artificial or prerecorded voice to deliver a message" via telephone, and enumerates three possible private causes of action—for injunctive relief, for money damages, or for both—and also permits treble damages where a Defendants' violation is found to be "willful[] or knowing[]." 47 U.S.C. § 227(b)(1), (3).  This Court interprets the Supreme Court's language to refer to these substantive rules, which are directly "furnished" and "supplied" by the relevant statute, rather than to the Federal Rules of Civil Procedure, as Plaintiff contends.

Moreover, the *Mims* decision did not interpret or consider the effect on federal courts of the limiting statutory language on which the Second Circuit relied in *Holster III*.  The Court

4

finds this omission significant. The TCPA creates a private right of action with the following statutory language:

> A person may, *if otherwise permitted by the laws or rules of court of a State,* bring [a private action] in an appropriate court of that State.

47 U.S.C. § 227(b)(3) (emphasis added). In *Mims*, respondent argued, "Congress would have had no reason to provide for a private action "in an appropriate [state] court . . . if it did not mean to make the state forum exclusive." *Mims*, 132 S.Ct. at 750. Put another way, being courts of general jurisdiction, state courts would have had concurrent jurisdiction over private TCPA claims even without the statutory language. Therefore, respondent argued, by including the statutory language, Congress implied exclusive state court jurisdiction. The *Mims* Court rejected respondent's argument, concluding that by including the limiting statutory language, "Congress may simply have wanted to avoid any argument that in private actions, as in [TCPA] actions brought by State Attorneys General, 'federal jurisdiction is exclusive." *Id.* (citations omitted).

To bolster its rejection, the *Mims* Court mentioned the TCPA's limiting language, although it did not clearly indicate whether respondent had invoked the statute's limiting language in support of its argument. The Court reasoned, "by providing that private actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the] state,' 47 U.S.C. § 227(b)(3), Congress arguably gave States leeway they would otherwise lack to 'decide for themselves whether to entertain claims under the TCPA." *Mims*, 132 S.Ct. at 751 (internal editing omitted). The Supreme Court thus considered this language only as applied to state court actions, and not as applied to federal court actions.

Without interpreting how this limiting language would apply in federal forums, the
Supreme Court in *Mims* did not abrogate the *Holster III* holding, on which this Court relied. The
*Holster III* Court explicitly clarified that its holding did not rely on the *Erie* doctrine when it
stated, "[t]his is not a question that implicates the relationship between the Federal Rules and
state rules; *it is a standard question of statutory interpretation*." *Holster III*, 618 F.3d at 217
(emphasis added).

The *Holster III* holding followed the Supreme Court's remand in light of *Shady Grove
Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S.Ct. 1431 (2010). In *Shady Grove*, the
Supreme Court was asked to decide whether Section 901(b) precludes a federal district court
sitting in diversity from entertaining a class action under Rule 23 of the Federal Rules of Civil
Procedure. *Id.* The Second Circuit had held that Section 901(b) and Rule 23 were not in conflict
because Section 901(b) created a substantive right and, therefore, failure to apply Section 901(b)
in a federal forum would encourage forum-shopping to avoid enforcement of that right, which
would contravene *Erie*. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 549 F.3d 137,
144–45 (2d Cir. 2008) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The Supreme Court
reversed and held that Section 901(b) was preempted by the Rules Enabling Act because Rule 23
regulates procedure, not substantive law, and it therefore applies "regardless of its incidental
effect upon state-created rights." 130 S.Ct. at 1444 (citing 28 U.S.C. § 2072). In other words,
the *Shady Grove* Court held Rule 23 applies to federal diversity actions pursuant to the Rules
Enabling Act solely because it regulates procedure, regardless of the substantive nature or
purpose of Section 901(b). *Id.*

As the Second Circuit later recognized, the Supreme Court in *Shady Grove* "said nothing
at all about the TCPA, and what that statute requires for a federal cause of action to lie." *Holster*

6

*III*, 618 F.3d at 217. Therefore, following remand in consideration of *Shady Grove*, the Second Circuit in *Holster III* went on to reaffirm its holding while explicitly rejecting any reliance on or reference to the substantive nature of Section 901(b) or the Rules Enabling Act. *Id.* The Second Circuit reasoned that the limiting language of the statute—"if otherwise permitted by the laws or rules of court of a State," 47 U.S.C. § 227(b)(3)—alone requires federal courts located within New York to apply "some, but not necessarily all, state rules of court to define what causes of action lie under the TCPA." *Id.* The Court reaffirmed its conclusion that Section 901(b) prohibits class action suits brought under the TCPA in either New York's state or federal courts, because the TCPA explicitly limits private actions to those "otherwise permitted by the laws or rules of the court of a state." *Id.*[2] Because the *Holster III* holding expressly relied on a statutory interpretation that has not been disturbed, Defendants correctly note, "*Mims* and *Holster* coexist harmoniously." Def.'s Br. at 2.

Finally, the Court notes that the *Mims* action was not brought as a TCPA class action, nor did the Supreme Court consider the interplay between state and federal rules regulating TCPA class actions. *See Mims*, 132 S.Ct. at 746–47. By contrast, this Court's prior decision dismissed Plaintiff's case on the specific basis that it cannot be maintained as a class action in light of the TCPA's limiting language and Section 901(b). That holding remains good law under *Holster III*. Therefore, until further notice, the Supreme Court's decision in *Mims* does not require reconsideration of this action.

---

[2] In a later case, the Second Circuit held that the TCPA's "may, if otherwise permitted" language requires federal courts to apply state statutes of limitations. *See Giovanniello v. ALM Media*, LLC, 660 F.3d 587, 593 (2d Cir. 2011), *vacated*, 133 S.Ct. 159. Relying in part on *Holster III*, the Court broadly held that a TCPA claim cannot be maintained if not permitted by state law. *Id.* at 591–92. As discussed *infra* at 8–9, the Second Circuit has not yet reconsidered its decision in *Giovanniello* and, moreover, its reconsideration may leave untouched the decision in *Holster III*, which expressly limited its holding by noting that "some, but not necessarily all" state rules may govern TCPA actions in federal courts.

**B.   District Court Opinions Interpreting *Mims* to Require Application of the Federal Rules of Civil Procedure, and Not State Court Rules, Are Not Binding**

Plaintiff attempts to bolster his argument by citing to a series of recent, post-*Mims* district court cases, which hold that state procedural rules regulating class actions do not apply to TCPA claims brought under federal question jurisdiction. *See, e.g.*, Pl.'s Br. at 8. Only one of these comes from within the Second Circuit.

In *Bais Yaakov of Spring Valley v. Alloy, Inc.*, No. 12-CV-581, 2013 WL 1285408 (S.D.N.Y. Mar. 28, 2013) (Seibel, J.), the Court denied the defendants' motion to strike the plaintiff's class allegations, rejecting the defendants' argument that Section 901(b) prevents the maintenance of a TCPA claim as a class action, in light of the TCPA's "if otherwise permitted," language. *See id.* at *4. The Court noted, in reaching its conclusion, "[t]he Second Circuit has previously agreed with Defendants' contention." *Id.* Crediting the plaintiff's argument that "*Giovanniello* is no longer good law in light of the Supreme Court's decisions in *Mims* and *Shady Grove*," and citing several of the same out-of-Circuit district court cases referenced by Plaintiff in this action, Judge Seibel concluded, "I am persuaded that the Second Circuit will likely depart from its prior decision in *Giovanniello* and conclude that *Mims* . . . support[s] the contention that the TCPA should not be interpreted as requiring a federal court to follow state law." *Id.* at *5.[3]

The Second Circuit may depart from a prior decision when that earlier decision's "rationale is overruled, implicitly or expressly, by the Supreme Court." *In re Sokolowski*, 205 F.3d 532, 535 (2d Cir. 2000). However, the Second Circuit has not yet so departed. Therefore, *Holster III* remains the binding law of this Circuit. And, in any event, district court cases, even

---

[3] Note that Judge Seibel denied Defendants' motion to strike without prejudice, subject to renewal pending the result of the Second Circuit's reconsideration of *Giovanniello*.

those within the Second Circuit, do not bind this Court.  Finally, the Court is mindful that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked," which would change its underlying decision. *Shrader*, 70 F.3d at 257.  Because *Mims* does not abrogate *Holster III*, and this Court's decision relied on *Holster III*, reconsideration is denied.

### III.    CONCLUSION

Because the Court's decision relies on *Holster III*, and *Holster III* remains the binding law within this Circuit, this Court will not now reverse its dismissal.  For this reason, as discussed above, this Court denies Plaintiff's motion for reconsideration.

**<u>SO ORDERED</u>**

Dated: Brooklyn, New York
     May 1, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

9