| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| TODD C. BANK, | |
| Plaintiff, | MEMORANDUM |
| | AND ORDER |
| - versus - | 12-cv-1369 |
| | |
| INDEPENDENCE ENERGY GROUP LLC | |
| and INDEPENDENT ENERGY ALLIANCE | |
| LLC, | |
| Defendants. | |

A P P E A R A N C E S:

    TODD C. BANK
        119-40 Union Turnpike
        Fourth Floor
        Kew Gardens, NY 11415
    By:   Todd C. Bank
        *Pro Se Plaintiff*

    SEDGWICK LLP
        3 Gateway Center
        12th Floor
        Newark, NJ 07102
    By:   Aurora Parrilla
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Todd Bank, proceeding *pro se*, brings this purported class action alleging that the Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B), by calling his residential telephone line without his consent using an artificial or prerecorded voice that delivered a message advertising goods or services. Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), on the ground that the telephone line Bank alleges the Defendants called does not qualify as a residential

telephone line for the purposes of the TCPA and thus is not subject to the protections offered by § 227(b)(1)(B).  Because I do not have sufficient evidence before me to determine whether the telephone line at issue is "residential" for purposes of § 227(b)(1)(B), Defendants' motion is denied.

BACKGROUND

Bank alleges the following facts, which I accept as true for the purposes of deciding this motion.  *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

On or about January 17, 2012, Defendants placed a call to Bank's residential telephone line using an artificial or prerecorded voice that advertised electricity-related services provided by the Defendants.  Compl. ¶¶ 8-9, Mar. 19, 2012, ECF No. 1.  Bank alleges that in the four years preceding the filing of the action, Defendants placed at least 10,000 such calls to residential phone lines without the subscribers' consent.  *Id.* ¶¶ 10, 16.

Bank filed the complaint on March 19, 2012.  Defendants moved to dismiss the complaint on May 23, 2014.  On August 26, 2014, the case was reassigned to me from Judge William Kuntz.

DISCUSSION

A.  *The Standard of Review*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012).  In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must

be enough to raise a right to relief above a speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citation omitted)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss, a court considers only "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken . . . ." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993) (citation omitted). Legal questions of statutory interpretation may also properly be addressed on a motion to dismiss. *See F.R. v. Bd. of Educ.*, 67 F. Supp. 2d 142, 145 (E.D.N.Y. 1999).

B. *Analysis*

The TCPA, among other things, makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission . . . ." 47 U.S.C. § 227(b)(1)(B).

The instant motion turns on what qualifies as a "residential" telephone line under § 227(b)(1)(B). Defendants contend that if a telephone number is held out by the subscriber to the public as a number used for the subscriber's business, it should not qualify as a residential telephone line for the purposes of this subsection of the TCPA. Under this theory, Defendants argue that the complaint fails to state a claim under § 227(b)(1)(B) because the line at issue was held out by Bank to the public as his business telephone number. Thus, according to Defendants,

the telephone number cannot be considered "residential" and is not covered by the prohibitions of § 227(b)(1)(B).

Bank, on the other hand, contends that whether a telephone line is considered "residential" for the purposes of § 227(b)(1)(B) should be determined based on whether the line is registered with the telephone company as a residential line. Under his theory, how the subscriber uses the line and whether they hold out the line to the public as a business number is of no import.

"Congress's stated purpose in enacting the TCPA was to 'protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile (fax) machines and automatic dialers.'" *Bonime v. Avaya, Inc.*, 547 F.3d 497, 499 (2d Cir. 2008) (quoting S. Rep. No. 102-178, at 1 (1991)). The distinction between residential telephone subscribers and other subscribers is central to the TCPA's regulatory framework. Residential subscribers receive the lion's share of the protections afforded by the TCPA based on the higher expectation of privacy in the home as compared to the workplace.[1] *See, e.g.*, *United States v. Navas*, 597 F.3d 492, 501 (2d Cir. 2010) (noting the "elevated privacy expectations" in a residence in the Fourth Amendment context); *United States v. Seinfeld*, 632 F. Supp. 622, 626 (E.D.N.Y. 1986) ("There is a lesser expectation of privacy in a business as compared to a home.").

While "residential telephone lines" are singled out for special treatment throughout many sections of the TCPA, neither the statute nor the enacting regulations provide a

---

[1] The legislative history of the TCPA confirms this view. *See* 137 Cong. Rec. S16204-01 (Nov. 7, 1991) (statement of Sen. Hollings) ("The Supreme Court has generally recognized that persons at work do not have the same level of privacy protection as afforded to persons in their homes. Thus the legality of a ban on unwanted computerized telephone calls to the workplace is uncertain.").

4

definition for the phrase, and the plain language of the statute is not helpful in arriving at a definition. *See In re Caldor Corp.*, 303 F.3d 161, 167 (2d Cir. 2002) ("Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). When the plain language of a statute does not clearly express Congressional intent, a court should interpret the provision looking towards Congress's general purpose in enacting the legislation. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("[I]n all matters of statutory interpretation, we are ultimately looking for the intent of congress . . . .") (citation omitted).

Bank argues that a bright line rule should be utilized to determine whether a particular telephone line is considered residential or business under the TCPA. The test that he suggests is based entirely on how the telephone line is registered with the company: if it is registered as a residential line, it is residential, no matter how the line is actually used by the subscriber. *See* Pl. Opp. 8-11, May 23, 2014, ECF No. 35. In support of this position, he cites a case decided by the intermediate state court in Missouri, *Margulis v. Fairfield Resorts, Inc.*, No. 03AC-008703, 2004 TCPA Rep. 1292 (Mo. Ct. App. 2004). In *Margulis*, the court concluded that basing the characterization of a phone line as residential if it is registered with the telephone company as such "is a reasonable bright line test and consistent with the plain language of the statute." *Id.* at 3.

I agree that whether a telephone line is registered with the telephone company as "residential" is a good starting point for the inquiry into whether the line qualifies as "residential" under the TCPA. If a line is so designated, that fact will likely end the inquiry in most instances. However, if the subscriber holds out such a telephone number to the general

public as a business line, the line should not be considered "residential" for the purposes of the TCPA – even if it is registered as "residential" with the telephone company. This more nuanced approach to the phrase "residential telephone line" better comports with Congress's intent in enacting the TCPA and with common sense.

As noted above, the TCPA provides considerably less protection for business telephone lines than for residential lines.[2] Section 227(b)(2)(A) directs the Federal Communications Commission (the "FCC" or "Commission") to "consider prescribing regulations to allow businesses to avoid receiving calls made using an artificial or prerecorded voice to which they have not given their prior express consent." 47 U.S.C. § 227(b)(2)(A). The FCC, however, has not extended any further protections to businesses under the TCPA. *See* Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8756 n.7 (Oct. 16, 1992) ("Based on the record and on the scope of the prohibitions on autodialers and prerecorded messages in the rules we adopt today, we are not persuaded that additional prohibitions on prerecorded voice message calls to businesses are necessary at this time."); Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do-Not-Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."); *Cellco P'ship v. Dealers Warranty, LLC*, No. 09-cv-1814(FLW), 2010 WL 3946713, at *11 (D.N.J. Oct. 5, 2010) (noting that the FCC has refused to adopted additional prohibitions on prerecorded or artificial voice calls to businesses under the TCPA).

Under Bank's proposed framework, businesses that utilize artificial or prerecorded voice calls to communicate with other businesses would find it difficult to comply

---

[2] For example, the only protection that business telephone lines receive under § 227 is a prohibition on the use of "an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously." 47 U.S.C. § 227(b)(1)(D).

with the TCPA. Such businesses should be able to gather numbers from public directories or websites that list business telephone numbers (such as the Yellow Pages) under the assumption that such lines are not residential. A telephone subscriber who registers a line with the telephone company as a residential line but then lists the number in the Yellow Pages and other directories as a business line sacrifices the protections afforded by the TCPA.

Defendants claim that the number involved in this case has been held out to the public by Bank to be the business number of his law firm. They argue that Bank lists the phone number on his professional letterhead, on the signature block in court documents, and on other publicly available resources on the Internet. Def. Br. 2-3, May 23, 2014, ECF No. 34. If Defendants are correct about the ways in which Bank has advertised this number, it would not qualify as residential under the TCPA. But the complaint does not allege the number at issue and this is a motion to dismiss. Whether Bank's phone number is used for Bank's business and thus falls outside the protections of the TCPA cannot be resolved without some limited discovery. The issue may then be susceptible to resolution on a motion for summary judgment.

## CONCLUSION

For the reasons set forth above, Defendants' motion is denied, and limited discovery will be allowed to determine whether the phone line that is the subject of this litigation is in fact a residential line for the purposes of § 227(b)(1)(B).

So ordered.


John Gleeson, U.S.D.J.


Dated: October 2, 2014
      Brooklyn, New York