UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>FOR ONLINE PUBLICATION</u>

TODD C. BANK,

                                    Plaintiff,

                - versus -

INDEPENDENCE ENERGY GROUP LLC
and INDEPENDENT ENERGY ALLIANCE
LLC,

                                    Defendants.

MEMORANDUM
<u>AND ORDER</u>
12-CV-1369 (JG)(VMS)

A P P E A R A N C E S :

        TODD C. BANK
                119-40 Union Turnpike
                Fourth Floor
                Kew Gardens, NY 11415
        By:     Todd C. Bank
                *Pro Se Plaintiff*

        DUANE MORRIS LLP
                1540 Broadway
                New York, NY 10036
        By:     Dana B. Klinges
                Kevin P. Potere
                *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Todd Bank, proceeding *pro se*, brings this purported class action alleging that the

defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §

227(b)(1)(B), by calling his residential telephone line without his consent using an artificial or

prerecorded voice that delivered a message advertising goods or services.  On October 2, 2014, I

denied defendants' motion to dismiss because I found I did not have enough information to

decide whether Bank's telephone line was a business or residential line for purposes of the

TCPA.  *See Bank v. Independence Energy Grp. LLC*, No. 12-CV-1369, 2014 WL 4954618 (JG), at *1 (E.D.N.Y. Oct. 2, 2014) (ECF No. 37) (the "October 2 Opinion").  Now that the parties have conducted discovery on the topic, the defendants have moved for summary judgment on that issue and on the ground that their offer of judgment mooted Bank's claim.  For the reasons stated below, the defendants' motion for summary judgment is granted.

BACKGROUND

I assume familiarity with my October 2 Opinion denying the defendants' motion to dismiss.  What follows is a summary of the facts relevant to the issue of whether Bank's telephone line is residential.  Unless otherwise noted, the facts set forth here are either undisputed, or, if disputed, are viewed in the light most favorable to Bank, the nonmoving party.  *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002).

Bank is an attorney practicing in Kew Gardens, New York.  On January 17, 2012, Bank received a pre-recorded voice message on (718) 520-7125 (the "Subject Telephone").  Def. Rule 56.1 Stmt ¶ 3.  Bank had previously registered the Subject Telephone with his service provider as a residential line.  Pl. Rule 56.1 Stmt at ¶ 3.  The pre-recorded voice message was delivered by an individual with whom the defendants had contracted to promote the retail electricity provided by Independence Energy.  Pl. Rule 56.1 Stmt ¶ 5; *see also* Bank Decl. ¶ 5, Ex. C (Stark Dep.) at 31:17-32:11.  The defendants assert that the call was made by individuals who "were not under contract or agreement with Defendants nor were they in any way otherwise employed by or agents of Defendants."  Def. Rule 56.1 Stmt. ¶¶ 4-5.

Bank used the number for the Subject Telephone as his law office telephone number in pleadings and court filings, in professional correspondence, on his business card, and on his attorney registration form with the New York State Unified Court System.  Def. Rule 56.1

2

Stmt ¶¶ 7-10.  Bank also lists that number on tax returns for his law practice.  *See id.* ¶ 12.

Finally, the Subject Telephone has been listed on Avvo, a directory of attorneys, as Bank's

contact number.  *Id.* ¶ 16.  Bank does not deny that he has used the Subject Telephone in these

ways.  *See* Pl. Rule 56.1 Stmt; *see also* Bank Decl. ¶ 3 ("Prior to, at the time of, and since the

time of my receipt of Defendants' prerecorded telephone call . . . I have used the [Subject

Telephone] for both personal and business purposes.").

DISCUSSION

A.    *The Standard of Review*

A court may grant summary judgment if the moving party shows that "there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' for these purposes when it 'might affect the

outcome of the suit under the governing law.'"  *Rojas v. Roman Catholic Diocese of Rochester*,

660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248

(1986)).  A dispute is genuine if "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party."  *Id.* (quoting *Anderson*, 477 U.S. at 248).

In order to "[t]o survive summary judgment . . . the non-moving party must come

forward with 'specific facts showing that there is a genuine issue for trial.'"  *Reiseck v. Universal

Commc'ns of Miami*, No. 06-CV-777 (TPG), 2012 WL 3642375, at *2 (S.D.N.Y. Aug. 23, 2012)

(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986)).

"Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue

of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), and the "mere existence of a

scintilla of evidence" is not sufficient to defeat summary judgment.  *Anderson*, 477 U.S. at 252.

Conversely, summary judgment is appropriate if the evidence produced would not allow a

3

reasonable juror to find in favor of the nonmoving party. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003).

B.       *Whether the Subject Telephone is "Residential"*

In my October 2 Opinion, I denied the defendants' motion to dismiss because "I [did] not have sufficient evidence before me to determine whether the line at issue is 'residential' for purposes of § 227(b)(1)(B)." *Bank*, 2014 WL 4954618, at *1. I wrote that while a telephone subscriber can have a telephone number registered as "residential" with the telephone company, "if the subscriber holds out such a telephone number to the general public as a business line, the line should not be considered 'residential' for the purposes of the TCPA—even if it is registered as 'residential' with the telephone company." *Id*. at *3.

As detailed above, the defendants have presented ample evidence that Bank held out the Subject Telephone to the public as a business line. Specifically, Bank provides the Subject Telephone number on his business card, professional letterhead for his law practice, and in pleadings and court filings, and he provides it to clients, prospective clients, other attorneys, and business contacts. He also maintains his attorney registration through the New York Unified Court System utilizing the Subject Telephone number as his contact number.

I conclude based on the evidence in the record that no reasonable juror could find that the Subject Telephone is residential, and for the reasons stated in my October 2 Opinion, summary judgment is appropriate. *See Bank*, 2014 WL 4954618, at *2-3.[1]

## CONCLUSION

For the reasons set forth above, defendants' motion is granted, and the case is dismissed.

---

[1]       I need not consider the defendants' additional argument in support of their motion.

So ordered.


John Gleeson, U.S.D.J.


Dated:  July 23, 2015
        Brooklyn, New York